COPY

FILED

2012 DEC 21  PM 3:32

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
SANTA ANA

BY_____

1  Larry W. Lee (State Bar No. 228175)
2  lwlee@diversitylaw.com
   **DIVERSITY LAW GROUP, P.C.**
3  550 S. Hope St., Suite 2655
4  Los Angeles, California 90071
   (213) 488-6555
5  (213) 488-6554 facsimile
6
7  Attorneys for Plaintiff and the Class
      *  Additional Plaintiff's Counsel Listed
8         On Following Page
9
                **UNITED STATES DISTRICT COURT**
10
                **CENTRAL DISTRICT OF CALIFORNIA**
11

12  GREGORY DYNABURSKY, as an
    individual and on behalf of all others
13  similarly situated,
14
15            Plaintiff,
16       vs.
17  ALLIEDBARTON SECURITY
    SERVICES, LP and ALLIEDBARTON
18  SECURITY SERVICES, LLC; and
19  DOES 1 through 50, inclusive,
20
21            Defendants.
22
23
24
25
26
27
28

Case No.:   **SACV 12-02210 JST (RNBx)**

**CLASS ACTION COMPLAINT
FOR DAMAGES FOR:**

**(1) VIOLATION OF LABOR
    CODE SECTIONS 226.7 AND
    512 FOR FAILURE TO
    PROVIDE OFF-DUTY MEAL
    BREAKS;**

**(2) VIOLATION OF LABOR
    CODE SECTION 226.7 FOR
    FAILURE TO PROVIDE
    DUTY-FREE REST BREAKS;**

**(3) VIOLATION OF LABOR
    CODE SECTION 226;**

**(4) UNFAIR BUSINESS
    PRACTICES (Violation of
    California Business &
    Professions Code §17200 et seq.).**

**DEMAND FOR JURY TRIAL**

1

1

## ADDITIONAL PLAINTIFF'S COUNSEL

2

3   Dennis S. Hyun (State Bar No. 224240)
    dhyun@hyunlegal.com
4   **HYUN LEGAL, APC**
5   550 S. Hope Street, Suite 2655
    Los Angeles, CA  90071
6   Telephone:  (213) 488-6555
    Facsimile:  (213) 488-6554
7

8   Edward W. Choi, Esq. SBN 211334
    edward.choi@calaw.biz
9   Paul M. Yi, Esq. SBN 207867
10  paul.yi@calaw.biz
    **LAW OFFICES OF CHOI & ASSOCIATES, P.C.**
11  3435 Wilshire Boulevard, Suite 2400
12  Los Angeles, CA 90010-2006
    Telephone: (213) 381-1515
13  Facsimile: (213) 233-4409

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CLASS ACTION COMPLAINT FOR DAMAGES

Plaintiff GREGORY DYNABURSKY (hereinafter referred to as "Plaintiff"), hereby submits his class action complaint against Defendants ALLIEDBARTON SECURITY SERVICES, LP and ALLIEDBARTON SECURITY SERVICES, LLC, and Does 1-50 (hereinafter collectively referred to as "DEFENDANTS") on behalf of himself and the class of others similarly situated current and former employees of DEFENDANTS for meal and rest period wages, waiting time penalties, and penalties for failure to keep accurate records, as follows:

## INTRODUCTION

1.  This class action is within the Court's jurisdiction under the Class Action Fairness Act of 2005 (the "CAFA"), 28 U.S.C. §§ 1332(d)(2) and 1453, as well as under traditional diversity of citizenship jurisdiction pursuant to 28 U.S.C. §§ 1332(a)(1).

2.  This complaint challenges systemic illegal employment practices resulting in violations of the California Labor Code and Business and Professions Code against employees of DEFENDANTS.

3.  Plaintiff is informed and believes and based thereon alleges DEFENDANTS, joint and severally have acted intentionally and with deliberate indifference and conscious disregard to the rights of all employees in failing to provide off-duty meal periods, duty-free rest breaks, and failure to keep proper records of wages earned and other legally mandated records pursuant to Labor Code § 226.

4.  Plaintiff is informed and believes and based thereon alleges DEFENDANTS have engaged in, among other things a system of willful violations of the California Labor Code, Business and Professions Code and applicable IWC wage orders by creating and maintaining policies, practices and customs that knowingly deny employees: (a) all off-duty meal periods, (b) duty-

CLASS ACTION COMPLAINT FOR DAMAGES

free rest breaks, and (c) accurate payroll records pursuant to Labor Code § 226.

5.  The policies, practices and customs of DEFENDANTS described above and below have resulted in unjust enrichment of DEFENDANTS and an unfair business advantage over businesses that routinely adhere to the strictures of the California <u>Labor Code</u>, <u>Business and Professions Code</u>.

## JURISDICTION

6.  The Court has jurisdiction over the violations of the California <u>Labor Code</u> §§ 226, 226.7, 512 and California <u>Business and Professions Code</u> § 17200, et seq., (Unfair Practices Act) pursuant to 28 U.S.C. §§ 1332(a)(1) (diversity of citizenship) and 1332(d)(2), the CAFA.  In particular, DEFENDANTS are citizens of a state other than California and the amount in controversy exceeds $5 million for the class claims under the CAFA.  As a result, this Court has jurisdiction over the violations of California <u>Labor Code</u> §§ 226, 226.7, 512 and California <u>Business and Professions Code</u> § 17200, et seq., (Unfair Practices Act).

## PARTIES

7.  Plaintiff GREGORY DYNABURSKY was employed by DEFENDANTS from on or about October 2011 to on or about March 2012. Plaintiff was employed as a security guard during his employment with DEFENDANTS.  Plaintiff was not paid one additional hour of wages for each off-duty meal period that was not provided to him by DEFENDANTS, nor was Plaintiff paid one additional hour of wages for each duty-free rest period that was not provided to him by DEFENDANTS.  DEFENDANTS did not keep accurate records of Plaintiff's work and payment.  Plaintiff was and is a victim of the policies, practices and customs of DEFENDANTS complained of in this action in ways that have deprived him of the rights guaranteed him by California <u>Labor Code</u> §§ 226, 226.7, 512, and California <u>Business and Professions Code</u> § 17200, et seq., (Unfair Practices Act).

4

8.      Plaintiff is informed and believes and based thereon alleges DEFENDANTS were and are Delaware corporations registered to do business in the State of California providing security services in California.

9.      Plaintiff is informed and believes and thereon alleges that at all times herein mentioned DEFENDANTS and DOES 1 through 50, are and were corporations, business entities, individuals, and partnerships, licensed to do business and actually doing business in the State of California.

10.      As such, and based upon all the facts and circumstances incident to DEFENDANTS' business in California, DEFENDANTS are subject to California Labor Code §§ 226, 226.7, 512, and California Business and Professions Code § 17200, et seq., (Unfair Practices Act).

11.      Plaintiff does not know the true names or capacities, whether individual, partner or corporate, of the DEFENDANTS sued herein as DOES 1 through 50, inclusive, and for that reason, said DEFENDANTS are sued under such fictitious names, and Plaintiff prays leave to amend this complaint when the true names and capacities are known.  Plaintiff is informed and believes and thereon alleges that each of said fictitious DEFENDANTS was responsible in some way for the matters alleged herein and proximately caused Plaintiff and members of the general public and class to be subject to the illegal employment practices, wrongs and injuries complained of herein.

12.      At all times herein mentioned, each of said DEFENDANTS participated in the doing of the acts hereinafter alleged to have been done by the named DEFENDANTS; and furthermore, the DEFENDANTS, and each of them, were the agents, servants and employees of each of the other DEFENDANTS, as well as the agents of all DEFENDANTS, and at all times herein mentioned, were acting within the course and scope of said agency and employment.

13.      Plaintiff is informed and believes and based thereon alleges that at all

CLASS ACTION COMPLAINT FOR DAMAGES

times material hereto, each of the DEFENDANTS named herein was the agent, employee, alter ego and/or joint venturer of, or working in concert with each of the other co-DEFENDANTS and was acting within the course and scope of such agency, employment, joint venture, or concerted activity.  To the extent said acts, conduct, and omissions were perpetrated by certain DEFENDANTS, each of the remaining DEFENDANTS confirmed and ratified said acts, conduct, and omissions of the acting DEFENDANTS.

14.    At all times herein mentioned, DEFENDANTS, and each of them, were members of, and engaged in, a joint venture, partnership and common enterprise, and acting within the course and scope of, and in pursuance of, said joint venture, partnership and common enterprise.

15.    At all times herein mentioned, the acts and omissions of various DEFENDANTS, and each of them, concurred and contributed to the various acts and omissions of each and all of the other DEFENDANTS in proximately causing the injuries and damages as herein alleged.  At all times herein mentioned, DEFENDANTS, and each of them, ratified each and every act or omission complained of herein.  At all times herein mentioned, the DEFENDANTS, and each of them, aided and abetted the acts and omissions of each and all of the other DEFENDANTS in proximately causing the damages as herein alleged.

## CLASS ACTION ALLEGATIONS

16.    **Definition:**  The named individual Plaintiff brings this action on behalf of himself and the class pursuant to Rule 23 of the Federal Rules of Civil Procedure.  The Classes consists of (1) all DEFENDANTS' past and present California employees who worked more than 5 hours in any work shift as a Security Guard from December 21, 2008 through the present; and (2) all DEFENDANTS' past and present California employees who worked 3.5 hours or more in any work shift as a Security Guard from December 21, 2008 through the

present; (3) all DEFENDANTS' past and present California employees who worked as Security Guards from December 21, 2008 through the present who received itemized wage statements.  Plaintiff further seeks to certify the following sub-classes:  (a) all DEFENDANTS' past and present California employees who worked more than 5 hours in any "on-duty meal break" work shift as a Security Guard from December 21, 2008 through the present; (b) all DEFENDANTS' past and present California employees who worked 3.5 hours or more in any work shift as a Security Guard from December 21, 2008 through the present and was required to carry a radio during their rest break; (d) all DEFENDANTS' past and present California employees who worked as Security Guards in any "on-duty meal break" work shift from December 21, 2008 through the present who received itemized wage statements; and (e) all DEFENDANTS' past and present California employees who worked 3.5 hours or more in any work shift as a Security Guard from December 21, 2008 through the present who received itemized wage statements.

17.    **Numerosity:**  The members of the class are so numerous that joinder of all members would be impractical, if not impossible.  The identity of the members of the class is readily ascertainable by review of DEFENDANTS' records, including payroll records. Plaintiff is informed and believes and based thereon alleges that (a) class members regularly were denied off-duty meal breaks; (b) class members regularly were denied duty-free rest breaks, (c) DEFENDANTS did not maintain accurate records pursuant to California <u>Labor Code</u> § 226, and (d) DEFNEDANTS engaged in unfair practices.

18.    **Adequacy of Representation:**  The named Plaintiff is fully prepared to take all necessary steps to represent fairly and adequately the interests of the class defined above.  Plaintiff's attorneys are ready, willing and able to fully and adequately represent the class and individual Plaintiff.  Plaintiff's attorneys have

CLASS ACTION COMPLAINT FOR DAMAGES

prosecuted and settled wage-and-hour class actions in the past and currently have a number of wage-and-hour class actions pending in California and Federal courts.

19.   DEFENDANTS uniformly administered a corporate policy, practice and/or procedure of not paying members of the class meal and rest period wages. Plaintiff is informed and believes and based thereon alleges this corporate conduct is accomplished with the advance knowledge and designed intent to willfully withhold appropriate wages for work performed by class members.

20.   In addition, DEFENDANTS uniformly administered a corporate policy, practice that failed to comply with Labor Code § 226 by failing to maintain accurate records as prescribed in this code section.  Plaintiff is informed and believes and based thereon alleges this corporate conduct is accomplished with the advance knowledge and designed intent to willfully and intentionally fail to accurately record proper rates of pay, hours worked, net wages, and deductions.

21.   Plaintiff is informed and believes and based thereon alleges DEFENDANTS, in violation of California Labor Code §§ 201 and 202, et seq., respectfully, had a consistent and uniform policy, practice and of willfully failing to comply with Labor Code §§ 203, 226, 226.7, and 512.  Plaintiff and other members of the class did not secret or absent themselves from DEFENDANTS, nor refuse to accept the earned and unpaid wages from DEFENDANTS. Accordingly, DEFENDANTS are liable for waiting time compensation for the unpaid wages to separated employees pursuant to California Labor Code § 203.

22.   **Common Question of Law and Fact:**  There are predominant common questions of law and fact and a community of interest amongst Plaintiff and the claims of the class concerning whether (a) class members regularly were denied payment of meal and rest period wages due, and (b) DEFENDANTS did not maintain accurate records of class members in violation of California Labor Code §§ 226.  DEFENDANTS' employment policies and practices wrongfully and

CLASS ACTION COMPLAINT FOR DAMAGES

illegally failed to compensate Plaintiff and the other members of the class as required by California law.

23.    **Typicality:**  The claims of Plaintiff are typical of the claims of all members of the class.  Plaintiff is a member of the classes and has suffered the alleged violations of California <u>Labor Code</u> §§ 226, 226.7, 512, and <u>Business and Professions Code</u> § 17200.

24.    The California <u>Labor Code</u> and upon which Plaintiff bases his claims are broadly remedial in nature.  These laws and labor standards serve an important public interest in establishing minimum working conditions and standards in California.  These laws and labor standards protect the average working employee from exploitation by employers who may seek to take advantage of superior economic and bargaining power in setting onerous terms and conditions of employment.

25.    The nature of this action and the format of laws available to Plaintiff and members of the class identified herein make the class action format a particularly efficient and appropriate procedure to redress the wrongs alleged herein.  If each employee were required to file an individual lawsuit, the corporate DEFENDANTS would necessarily gain an unconscionable advantage since it would be able to exploit and overwhelm the limited resources of each individual plaintiff with their vastly superior financial and legal resources.  Requiring each class member to pursue and individual remedy would also discourage the assertion of lawful claims by employees who would be disinclined to file an action against their former and/or current employer for real and justifiable fear of retaliation and permanent damage to their careers at subsequent employment.

26.    The prosecution of separate actions by the individual class members, even if possible, would create a substantial risk of (a) inconsistent or varying adjudications with respect to individual class members against the DEFENDANTS

9

1   and which would establish potentially incompatible standards of conduct for the

2   DEFENDANTS, and/or (b) adjudications with respect to individual class members

3   which would, as a practical matter, be dispositive of the interest of the other class

4   members not parties to the adjudications or which would substantially impair or

5   impede the ability of the class members to protect their interests.  Further, the

6   claims of the individual members of the class are not sufficiently large to warrant

7   vigorous individual prosecution considering all of the concomitant costs and

8   expenses.

9       27.    Such a pattern, practice and uniform administration of corporate

10  policy regarding illegal employee compensation described herein is unlawful and

11  creates an entitlement to recovery by the Plaintiff and the class identified herein, in

12  a civil action, for the unpaid balance of the full amount unpaid wages, including

13  interest thereon, applicable penalties, reasonable attorney's fees, and costs of suit.

14      28.    Proof of a common business practice or factual pattern, which the

15  named Plaintiff experienced and is representative of, will establish the right of each

16  of the members of the Plaintiff class to recovery on the causes of action alleged

17  herein.

18      29.    The Plaintiff class is commonly entitled to a specific fund with respect

19  to the compensation illegally and unfairly retained by DEFENDANTS.  The

20  Plaintiff class is commonly entitled to restitution of those funds being improperly

21  withheld by DEFENDANTS.  This action is brought for the benefit of the entire

22  class and will result in the creation of a common fund.

### FIRST CAUSE OF ACTION

### FOR VIOLATIONOF LABOR CODE § 226.7 AND 512

### REGARDING MEAL PERIOD WAGES

### (AGAINST ALL DEFENDANTS BY PLAINTIFF)

30.    Plaintiff re-alleges and incorporates by reference paragraphs 1 through

29 as though fully set for herein.

31.     DEFENDANTS failed in their affirmative obligation to ensure that Plaintiff, and other class members, had the opportunity to take and were provided with off-duty meal periods in accordance with the mandates of the California Labor Code and the applicable IWC Wage Order.  Plaintiff and class members were suffered and permitted to work through legally required meal breaks and were denied the opportunity to take their off-duty meal breaks.  As such, DEFENDANTS are responsible for paying premium compensation for missed meal periods pursuant to Labor Code § 226.7 and the applicable IWC Wage Order. DEFENDANTS, as a matter of corporate policy and procedure, regularly failed to pay such premium compensation for each meal period Plaintiff and the class members missed.

32.     Plaintiff and class members regularly worked in excess of five (5) hours per day and accordingly had a right to take a 30-minute meal period each day worked in excess of five (5) hours.  Furthermore, Plaintiffs and class members who worked in excess of ten (10) hours per day had a right to take a second 30-minute meal period each day worked in excess of ten (10) hours.

33.     As a pattern and practice, DEFENDANTS regularly required employees to work through their meal periods without proper compensation and denied Plaintiff and their employees the right to take proper meal periods as required by law.

34.     This policy of requiring employees to work through their legally mandated meal periods and not allowing them to take proper off-duty meal periods is a violation of California law.

35.     Plaintiffs are informed and believe and based thereon allege that DEFENDANTS willfully failed to pay employees who were not provided the opportunity to take meal breaks the premium compensation set out in Labor Code

§ 226.7 and the applicable IWC Wage Order and that Plaintiff and those employees similarly situated as them are owed wages for the meal period violations set forth above.  Plaintiff is informed and believes and based thereon alleges that DEFENDANTS' willful failure to provide Plaintiff and other class members the wages due and owing them upon separation from employment results in a continued payment of wages up to thirty (30) days from the time the wages were due.  Therefore, Plaintiff and other members of the class who have separated from employment are entitled to compensation pursuant to Labor Code § 203.

36.    Such a pattern, practice and uniform administration of corporate policy as described herein is unlawful and creates an entitlement to recovery by the Plaintiff and class members identified herein, in a civil action, for the unpaid balance of the unpaid premium compensation pursuant to Labor Code § 226.7 and the applicable IWC Wage Order, including interest thereon, penalties, reasonable attorney's fees, and costs of suit.

**SECOND CAUSE OF ACTION**

**FOR VIOLATIONOF LABOR CODE § 226.7**

**REGARDING REST PERIOD WAGES**

**(AGAINST ALL DEFENDANTS BY PLAINTIFF)**

37.    Plaintiff re-alleges and incorporates by reference paragraphs 1 through 36 as though fully set for herein.

38.    DEFENDANTS failed in their affirmative obligation to ensure that Plaintiff, and other class members, had the opportunity to take and were provided with duty-free rest periods in accordance with the mandates of the California Labor Code and the applicable IWC Wage Order.  Plaintiff and class members were suffered and permitted to work through legally required rest breaks and were denied the opportunity to take their duty-free rest breaks.  As such, DEFENDANTS are responsible for paying premium compensation for missed rest

periods pursuant to Labor Code § 226.7 and the applicable IWC Wage Order. DEFENDANTS, as a matter of corporate policy and procedure, regularly failed to pay such premium compensation for each rest period Plaintiff and the class members missed.

39.     Plaintiff and class members regularly worked shifts of 3.5 hours or more per day and accordingly had a right to take a 10-minute rest period each day worked in any such shifts.

40.     As a pattern and practice, DEFENDANTS regularly required employees to work through their rest periods without proper compensation and denied Plaintiff and their employees the right to take proper rest periods as required by law.

41.     This policy of requiring employees to work through their legally mandated rest periods and not allowing them to take proper duty-free rest periods is a violation of California law.

42.     Plaintiffs are informed and believe and based thereon allege that DEFENDANTS willfully failed to pay employees who were not provided the opportunity to take rest breaks the premium compensation required by Labor Code § 226.7 and the applicable IWC Wage Order and that Plaintiff and those employees similarly situated as them are owed wages for the rest period violations set forth above.  Plaintiff is informed and believes and based thereon alleges DEFENDANTS' willful failure to provide Plaintiff and other class members the wages due and owing them upon separation from employment results in a continued payment of wages up to thirty (30) days from the time the wages were due.  Therefore, Plaintiff and other members of the class who have separated from employment are entitled to compensation pursuant to Labor Code § 203.

43.     Such a pattern, practice and uniform administration of corporate policy as described herein is unlawful and creates an entitlement to recovery by the

CLASS ACTION COMPLAINT FOR DAMAGES

Plaintiff and class members identified herein, in a civil action, for the unpaid balance of the unpaid premium compensation pursuant to Labor Code § 226.7 and the applicable IWC Wage Order, including interest thereon, penalties, reasonable attorney's fees, and costs of suit.

### THIRD CAUSE OF ACTION

### FOR VIOLATION OF LABOR CODE § 226 REGARDING RECORD KEEPING

### (AGAINST ALL DEFENDANTS BY PLAINTIFF)

44.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 43 as though fully set for herein.

45.     DEFENDANTS failed in their affirmative obligation to keep accurate records payroll records of their California employees.  DEFENDANTS, as a matter of policy and practice, did not maintain accurate records in violation of Labor Code § 226.

46.     For example, as a matter of policy and practice, among the violations of Labor Code § 226, DEFENDANTS failed to keep accurate records of Plaintiff's and the class members' gross and net wages earned, and/or daily or weekly pay.

47.     As a matter of uniform policy and practice, DEFENDANTS failed in their affirmative obligation to keep accurate records regarding the wages earned in pay periods of their California employees.

48.     Such a pattern, practice and uniform administration of corporate policy as described herein is unlawful and creates an entitlement to recovery by the Plaintiff and the class identified herein, in a civil action, for all damages and/or penalties pursuant to Labor Code § 226, including interest thereon, penalties, reasonable attorney's fees, and costs of suit according to the mandate of California Labor Code § 226.

## FOURTH CAUSE OF ACTION

## FOR VIOLATION OF BUSINESS AND PROFESSIONS CODE § 17200 ET SEQ.

### (AGAINST ALL DEFENDANTS BY PLAINTIFF)

49.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 48 as though fully set for herein.

50.     DEFENDANTS, and each of them, have engaged and continue to engage in unfair and unlawful business practices in California by practicing, employing and utilizing the employment practices outlined above, inclusive, to wit, by not paying employees the meal period wages owed.

51.     DEFENDANTS' utilization of such unfair and unlawful business practices constitutes unfair, unlawful competition and provides an unfair advantage over DEFENDANTS' competitors.

52.     Plaintiff seeks, on his own behalf, and on behalf of other members of the class similarly situated, full restitution of monies, as necessary and according to proof, to restore any and all monies withheld, acquired and/or converted by the DEFENDANTS by means of the unfair practices complained of herein.

53.     The acts complained of herein occurred within the last four years preceding the filing of the complaint in this action.

54.     Plaintiff is informed and believes and on that basis allege that at all times herein mentioned DEFENDANTS have engaged in unlawful, deceptive and unfair business practices, as proscribed by California Business and Professions Code § 17200 et seq., including those set forth herein above thereby depriving Plaintiff and other members of the class the minimum working condition standards and conditions due to them under the California laws and Industrial Welfare Commission wage orders as specifically described therein.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment for himself and all others on whose behalf this suit is brought against DEFENDANTS, jointly and severally, as follows:

1. For an order certifying the proposed Classes;

2. For an order appointing Plaintiff as the representative of the Classes;

3. For an order appointing Counsel for Plaintiff as class counsel;

4. Upon the First Cause of Action, for all meal period wages owed, and for waiting time wages according to proof pursuant to California Labor Code § 203;

5. Upon the Second Cause of Action, for all rest period wages owed, and for waiting time wages according to proof pursuant to California Labor Code § 203;

6. Upon the Third Cause of Action, for damages or penalties pursuant to statute as set forth in California Labor Code § 226, and for costs and attorney's fees;

7. Upon the Fourth Cause of Action, for restitution to Plaintiff and other similarly effected members of the general public of all funds unlawfully acquired by DEFENDANTS by means of any acts or practices declared by this Court to be in violation of Business and Professions Code § 17200 et seq.;

8. On all causes of action for attorneys fees, interest, and costs as provided by California Labor Code §§ 218.5, 218.6, 226, and Code of Civil Procedure § 1021.5 and for such other and further relief the Court may deem just and proper.

CLASS ACTION COMPLAINT FOR DAMAGES

Dated:  December 21, 2012                 DIVERSITY LAW GROUP, PC

                                          By:

                                               Larry W. Lee, Esq.
                                               Attorney for Plaintiff and the class


## DEMAND FOR JURY TRIAL

Plaintiff, for himself and the class, hereby demands a jury trial.

Dated: December 21, 2012                  DIVERSITY LAW GROUP, PC

                                          By:

                                               Larry W. Lee, Esq.
                                               Attorney for Plaintiff and the class

CLASS ACTION COMPLAINT FOR DAMAGES

ORIGINAL

Name & Address:
Larry W. Lee (SBN 288175)
Diversity Law Group, P.C.
550 South Hope Street, Suite 2655
Los Angeles, CA 90071
(213) 488-6555

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY DYNABURSKY, as an individual and on behalf of all others similary situated<br><br>PLAINTIFF(S)<br>v.<br>ALLIEDBARTON SECURITY SERVICES, LP and ALLIEDBARTON SECURITY SERVICES, LLC; and DOES 1 through 50, inclusive<br><br>DEFENDANT(S). | CASE NUMBER<br><br>**SACV 12-02210 JST (RNBx)**<br><br><br><br>**SUMMONS** |

TO:     DEFENDANT(S):

      A lawsuit has been filed against you.

      Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.   The answer or motion must be served on the plaintiff's attorney, _Larry W. Lee_____, whose address is _Diversity Law Group, 550 South Hope Street, Suite 2655, Los Angeles, CA 90071____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

                            Clerk, U.S. District Court

Dated: _December 21, 2012_____

By: _____
             Deputy Clerk
Adriana
         (Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
GREGORY DYNABURSKY, as an individual and on behalf of all others similarly situated

**DEFENDANTS**
ALLIEDBARTON SECURITY SERVICES, LP and ALLIEDBARTON SECURITY SERVICES, LLC; and DOES 1 through 50, inclusive

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Larry W. Lee (SBN 228175)
Diversity Law Group, P.C., 550 S. Hope Street, Suite. 2655
Los Angeles, CA 90071 (213) 488-6555

**Attorneys** (If Known)

## II. BASIS OF JURISDICTION (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff

☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☑ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☑ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN (Place an X in one box only.)

☑ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☑ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☐ No   ☐ MONEY DEMANDED IN COMPLAINT: $_____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 USC 1332

## VII. NATURE OF SUIT (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | | ☐ 340 Marine | **BANKRUPTCY** | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☑ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 630 Liquor Laws | **SOCIAL SECURITY** |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 640 R.R. & Truck | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities - Employment | ☐ 650 Airline Regs | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | **REAL PROPERTY** | **IMMIGRATION** | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 462 Naturalization Application | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 463 Habeas Corpus-Alien Detainee | | | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 465 Other Immigration Actions | | | **FEDERAL TAX SUITS** |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**FOR OFFICE USE ONLY:**   Case Number:   **SACV 12-02210 JST (RNBx)**

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)   CIVIL COVER SHEET   Page 1 of 2

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a).  IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑No ☐ Yes
If yes, list case number(s): _____

**VIII(b).  RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑No ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)  ☐ A.  Arise from the same or closely related transactions, happenings, or events; or
  ☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or
  ☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
  ☐ D.  Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:**  (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff.  If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant.  If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Pennsylvania |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved.

**X.  SIGNATURE OF ATTORNEY (OR PRO PER):** _____   Date December 21, 2012

Notice to Counsel/Parties:  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law.  This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet.  (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program.  (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability.  (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended.  (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended.  (42 U.S.C. (g)) |