O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY DYNABURSKY, as an individual and on behalf of all others similarly situated, | CASE NO. 8:12-cv-2210-JLS (RNBx) |
| Plaintiffs, | |
| vs. | **ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION (Doc. 75)** |
| ALLIEDBARTON SECURITY SERVICES LP, et al., | |
| Defendants. | |

1

## I.   INTRODUCTION

Before the Court is Defendant AlliedBarton Security Services LP's Motion for Reconsideration of the Court's Class Certification Order.[1] (Mot., Doc. 75.)  Plaintiff opposed, and Defendant replied.  (Opp'n, Doc. 78; Reply, Doc. 80.)  Having read the papers and taken the matter under submission, the Court DENIES Defendant's Motion.

## II.   BACKGROUND

Defendant provides security services nationwide and formerly employed Plaintiff in California as a security officer.  (Class Cert. Order at 2, Doc. 71.)  Plaintiff contends that Defendant's alleged company-wide policy precluding security officers from taking any "unfettered off-duty meal and rest breaks" violates California law.  (*Id.* at 4.)  On that basis, Plaintiff sought certification of several classes, including the following two classes of security officers who take "on-duty" meal breaks:

> Subclass (a) [Meal Break Subclass 1]
>
> All of Defendant's past and present California employees who worked more than 6 hours in any "on-duty meal break" work shift as a Security Officer from December 21, 2008 through the present.

---

[1] AlliedBarton Security Services LLC is also a defendant in this case, but Plaintiff did not move for class certification as to this defendant.  (Doc. 18.)  As such, the Court certified classes only as to AlliedBarton Security Services, LP.  (Doc. 71.)

Subclass (b) [Meal Break Subclass 2]

All of Defendant's past and present California employees who worked more than 6 hours in any "on-duty meal break" work shift as a Security Officer from December 21, 2008 through the present who received itemized wage statements.

(*See* Class Cert. Order at 4-5.)

On January 29, 2014, the Court granted Plaintiff's motion for class certification. (*Id*. at 22-23.) The Court found that the on-duty meal break classes were ascertainable because timekeeping records indicated whether an employee worked more than 6 hours in any shift during the relevant time period, and on-duty meal break security officers could be ascertained by determining which security officers did not record off-duty meal breaks. (*Id*. at 5.)

On February 12, 2014, Defendant filed the present motion pursuant to Local Rule 7-18 and Federal Rules of Civil Procedure 60 and 23(c)(1)(C), arguing that the on-duty meal break classes are not ascertainable.[2]

## III.   LEGAL STANDARD

Under Local Rule 7-18, a motion for reconsideration may be granted only when the moving party shows:

---

[2] Plaintiff's objections to the evidence Defendant provided in support of its Motion are overruled, inasmuch as the Court finds the Motion should be denied even considering Defendant's evidence. (*See* Doc. 79.)

> (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or
>
> (b) the emergence of new material facts or a change of law occurring after the time of such decision, or
>
> (c) a manifest showing of a failure to consider material facts presented to the Court before such decision.

C.D. Cal. L.R. 7-18.

In addition, under Federal Rule of Civil Procedure 23(c), "[a]n order that grants or denies class certification may be altered or amended before judgment." Fed. R. Civ. P. 23(c). Finally, under Federal Rule of Civil Procedure 60, the Court may correct a mistake arising from an oversight or omission in an order, and may relieve a party from an order based on, among other things, a mistake or newly discovered evidence. Fed. R. Civ. P. 60(a), (b).

## IV.  DISCUSSION

"Before a class may be certified, it is axiomatic that such a class must be ascertainable." *Vandervort v. Balboa Capital Corp.*, 287 F.R.D. 554, 557 (C.D. Cal. 2012) (citation omitted). Class definitions should be "precise, objective, [and] presently ascertainable." *Williams v. Oberon Media, Inc.*, 468 Fed. App'x 768, 770 (9th Cir. 2012) (quoting *O'Connor v.*

*Boeing N. Am. Inc*., 184 F.R.D. 311, 319 (C.D. Cal. 1998)).  "However, the class need not be so ascertainable that every potential member can be identified at the commencement of the action."  *O'Connor*, 184 F.R.D. at 319 (citation and internal quotation marks omitted).  "As long as the general outlines of the membership of the class are determinable at the outset of the litigation, a class will be deemed to exist."  *Id*. (citation and internal quotation marks omitted).  "Thus, a class will be found to exist if the description of the class is definite enough so that it is administratively feasible for the court to ascertain whether an individual is a member."  *Id.* (citation omitted); *see also Hanni v. Am. Airlines, Inc*., No. C 08-00732 CW, 2010 WL 289297, at *9 (N.D. Cal. Jan. 15, 2010) ("A class is ascertainable if it identifies a group of unnamed plaintiffs by describing a set of common characteristics sufficient to allow a member of that group to identify himself or herself as having a right to recover based on the description") (citation omitted).

Defendant argues that it is not administratively feasible to ascertain the on-duty meal break classes certified by the Court.  While there is no dispute that officers with on-duty meal breaks can be distinguished from those who take *unpaid* off-duty meal breaks (*see* Mem. at 2, Doc. 75-1; Farnaz Homayoun Decl. ¶ 2, Doc. 75-3), Defendant asserts that approximately 20% of security officers with off-duty meal breaks are paid for those breaks.  (Reply at 7.)[3]  Defendant also provides evidence for the first time that the payroll and timekeeping records are in fact generally indistinguishable between employees who take on-duty and paid off-duty

---

[3] According to Defendant, approximately half of its security officers take on-duty meal breaks, while half take off-duty meal breaks.  (Mot. at 6.)

meal breaks.[4]  (*See* Mem. at 5; Reply at 7.)  Therefore, if the Court were to determine members of the class based solely on the electronic payroll records, those records would be slightly over-inclusive; some of the employees (perhaps close to 20%) who are not shown as taking a meal break may in fact be employees who were paid for meal breaks, even though relieved of all duties.  (*See* Mem. at 2.)  Moreover, according to Defendant, this issue cannot be remedied by reviewing the employees' handwritten timesheets because Defendant did not have a policy of requiring an employee who remained on-duty during the meal period to record that fact accurately on the timesheet.  Rather, it appears that it was Defendant's policy to have employees who were not relieved of all duties nonetheless record the time as time off for a meal break.[5]  The Court concludes that Defendant has not provided any valid basis for decertifying the class.

First, according to Defendant, a "majority" but "far from all" security officers signed an on-duty meal break agreement.  (Class Cert. Opp'n at 4, Doc. 26.)  Therefore, it should be simple enough to ascertain which security officers should be in the class based on whether they signed such an agreement.  In addition, account managers are able to determine which

---

[4] Defendant previously argued that timekeeping and payroll records could not distinguish on-duty and paid off-duty meal breaks, but it did not provide evidence demonstrating this was the case.  The evidence now provided could have been provided in the class certification briefing and therefore is not "new."  Nor is there any manifest showing that the Court failed to consider a material fact.  Accordingly, there is no basis for reconsideration.  *See* C.D. Cal. L.R. 7-18.  However, as Defendant alternatively brings this motion under Rules 23(c)(1)(C) and 60, the Court nonetheless explains why Defendant's arguments lack merit.

[5] Specifically, there is a column on the timesheets titled "OUT/IN," with the words "(Meal Break)" underneath.  (*See* Timothy Cone Decl. Ex. A, Doc. 75-4.)

currently-employed security officers take on-duty meal breaks.[6]
(Homayoun Decl. ¶ 3; Cone Decl. ¶ 4; *see also* Mem. at 2.)

Second, the class, as certified, is objectively ascertainable, even if
some individuals who receive notice may ultimately not be within the scope
of the class.  *See In re Cathode Ray Tube (CRT) Antitrust Litigation*, MDL
No. 1917, 2013 WL 5429718, *8 (N.D. Cal. June 20, 2013) (citing *In re
OSB Antitrust Litigation*, No. 06–826, 2007 WL 2253418, *9 (E.D. Pa. Aug.
3, 2007) ("Because the proposed class need only be ascertainable by some
objective criteria, not actually ascertained, challenges to individual claims
based on class membership may be resolved at the claims phase of the
litigation")); *O'Connor*, 184 F.R.D. at 319 ("As long as the general outlines
of the membership of the class are determinable at the outset of the
litigation, a class will be deemed to exist."); *see also Kohen v. Pac. Inv.
Mgmt. Co.*, 571 F.3d 672, 677 (7th Cir. 2009) (citation omitted)
(recognizing that "a class will often include persons who have not been
injured by the defendant's conduct," but that "[s]uch a possibility or indeed
inevitability does not preclude class certification . . . .").  Here, all class
members can be ascertained and the fact that the notice may be sent to some
employees who were relieved of all duties during their meal break does not
require decertification at this stage.[7]

---

[6] This site-by-site inquiry, which is straightforward and objective, does not create
the sort of "extensive and individualized fact-finding or 'mini-trials'" that may
defeat ascertainability.  *See Carrera v. Bayer Corp.*, 727 F.3d 300, 303-04 (3d
Cir. 2013).

[7] To the extent such issues exist, they would be attributable to Defendant's lack of
record-keeping, which the Court does not find to be a basis for decertification for
the reasons stated below.

1    Moreover, the fact that Defendant apparently required employees who

2 were not relieved of all duties to record a meal period is not a basis to defeat

3 class certification.  Defendant attempts to explain away this record-keeping

4 problem in a footnote in its brief:

5

6    The ascertainability problem is presented not by

7    officers with off-duty meal breaks failing to record

8    meal break times, but rather by the fact that

9    officers with on-duty meal breaks *also* record meal

10    break times, making these sign-in sheet records

11    indistinguishable . . . . If the Court is wondering

12    why officers with on-duty meal breaks would

13    record meal break times, this finds explanation in

14    the fact that AlliedBarton's written 'Recording

15    Hours Worked' policy requires officers to record

16    meal break times and does not except officers with

17    on-duty meal breaks.

18

19 (Mot. at 6 n. 3; *see also* Reply at 7-8.)

20    There is a serious question as to whether this system of recordkeeping

21 complies with the law.  The applicable Wage Order requires every employer

22 to "keep accurate information with respect to each employee."  *See*

23 California Industrial Welfare Commission Wage Order No. 4-2001, subd. 7.

24 As part of this requirement, an employer must keep "[t]ime records showing

25 when the employee begins and ends each work period."  *Id*.  Had Defendant

26 not required those employees who were *not* relieved of all duties to record a

27 meal period as time off work, the timesheets alone would have provided an

28

accurate basis for determining exactly who is in the class.  It is the inaccurate information in Defendant's records that creates the issue upon which Defendant now seizes as a basis for decertification.

However, even if Defendant is not specifically required by law to keep records of which employees take on-duty meal breaks, Defendant's failure to record such information is not a basis to defeat class certification. IWC Wage Order No. 4-2001 and related wage and hour laws are designed to guarantee a 30-minute meal period with limited and narrowly-construed exceptions. *See Abdullah v. U.S. Sec. Assocs.*, 731 F.3d 952, 958-59 (9th Cir. 2013).  Decertifying the class simply because Defendant failed to keep accurate records would frustrate the purpose of the Wage Order and related wage and hour laws. *Cf. id*. at 959; *see Amaral v. Cintas Corp. No. 2*, 163 Cal. App. 4th 1157, 1190 (2008) (shifting burden of proof to defendant to show which class members did not perform work where wages were governed by city's Living Wage Ordinance ("LWO"), even though LWO did not require defendant to keep records distinguishing LWO work from other work); *Aguiar v. Cintas Corp. No. 2*, 144 Cal. App. 4th 121, 134-35 (2006) ("To the extent questions arise later in the litigation about how to determine which putative class members worked at least 20 hours per month on [LWO contracts] . . . that burden falls on [defendant].  It was [defendant's] business decision to commingle [LWO contracts] with those of other customers and to allow all employees to work on the items . . . ."); *see also Young v. Nationwide Mut. Ins. Co.*, 693 F.3d 532, 540 (6th Cir. 2012) (finding "compelling" district court's rationale that "[t]he need to manually review files is not dispositive.  If it were, defendants against whom claims of wrongful conduct have been made could escape class-wide

review due solely to the size of their businesses or the manner in which their business records were maintained.").

## V.    CONCLUSION

For the reasons stated above, Defendant's Motion is DENIED.  The Court has reviewed the parties' proposed forms of class notice and dissemination.  (Doc. 77.)  In light of the disagreement between the parties, which primarily stems from Defendant's Motion, the Court ORDERS the parties to meet and confer and submit an agreed-upon proposed form of class notice and dissemination, consistent with the directives in the Court's Class Certification Order.  The parties are encouraged to review the Federal Judicial Center's checklist for proposed class notice and dissemination, available at <www.fjc.gov>.  The proposed notice and plan of dissemination shall be filed with the Court within **21 days** of the date of this Order.

**SO ORDERED.**

DATED: April 24, 2014                    JOSEPHINE L. STATON
                                         HONORABLE JOSEPHINE L. STATON
                                         UNITED STATES DISTRICT JUDGE