Larry W. Lee (State Bar No. 228175)
lwlee@diversitylaw.com
**DIVERSITY LAW GROUP, P.C.**
550 S. Hope St., Suite 2655
Los Angeles, California 90071
(213) 488-6555
(213) 488-6554 facsimile

Attorneys for Plaintiff and the Class

   *Additional Counsel on Following Page

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY DYNABURSKY, as an individual and on behalf of all others similarly situated,<br><br>              Plaintiff,<br><br>      vs.<br><br>ALLIEDBARTON SECURITY SERVICES, LP and ALLIEDBARTON SECURITY SERVICES, LLC; and DOES 1 through 50, inclusive,<br><br>              Defendants. | Case No.: SACV 12-02210 JLS (RNBx)<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT; AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>Date:          January 22, 2016<br>Time:          2:30 p.m.<br>Court:         10A<br>Judge:        Hon. Josephine L. Staton |

## <u>ADDITIONAL COUNSEL</u>

Dennis S. Hyun (State Bar No. 224240)
dhyun@hyunlegal.com
**HYUN LEGAL, APC**
550 S. Hope Street, Suite 2655
Los Angeles, CA  90071
Telephone:   (213) 488-6555
Facsimile:    (213) 488-6554

Edward W. Choi, Esq. SBN 211334
edward.choi@calaw.biz
Paul M. Yi, Esq. SBN 207867
paul.yi@calaw.biz
**LAW OFFICES OF CHOI & ASSOCIATES, P.C.**
3435 Wilshire Boulevard, Suite 2400
Los Angeles, CA 90010-2006
Telephone: (213) 381-1515
Facsimile: (213) 233-4409

Attorneys for Plaintiff and the Certified Class

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that at 2:30 p.m., on January 22, 2016, or as soon thereafter as the matter may be heard in Courtroom 10A of the United States District Court for the Central District of California, Southern Division, located at 411 West Fourth Street, Santa Ana, CA 92701-4516, before the Honorable Josephine L. Staton, Plaintiff Gregory Dynabursky ("Plaintiff") will and hereby does move this Court for an Order preliminarily approving the proposed class action settlement. Specifically, Plaintiff respectfully requests that the Court order as follows:

1. Grant preliminary approval of the proposed class action settlement;

2. Certify, for settlement purposes only, a Settlement Class[1] as follows: "All non-exempt hourly employees who were employed by Defendants in California at any time from April 1, 2004 through January 9, 2015;"[2]

3. Authorize the form, content of a proposed notice to the Class Members and direct the mailing of the notice by U.S. first class mail to Class Members;

4. Establish the procedures and the deadlines by which Class Members may assert objections to, or opt-out of, the Settlement;

---

[1] All capitalized terms used herein, unless otherwise defined, have the same definition contained in the Joint Stipulation of Class Action Settlement and Release.

[2] Included in the Settlement Class are the two certified classes and two certified subclasses for meal and rest period claims, as well as attendant wage statement claims during the certified class period of December 21, 2008 through January 29, 2014 (the date this Court granted certification). See Order Granting Class Certification in Part (Doc. No. 71) ("Class Certification Order"). **As the Parties advised the Court in their Joint Report on Settlement (Doc. No. 112), the Parties have agreed to expand the class period to include for settlement purposes two additional similar/related cases in this current settlement:** *Babeshkov v. AlliedBarton*, **Los Angeles Superior Court Case No. BC388257 (the "Babeshkov Action"), and** *Aguirre v. AlliedBarton*, **Riverside Superior Court Case No. RIC 1407638 (the "Aguirre Action").** Thus, for settlement purposes only, the Settlement Class Period commences on April 1, 2004 (to ensure inclusion of putative class members in the Aguirre Action) and ends on January 9, 2015 (the negotiated settlement class period end date).

5.    Appoint Rust Consulting as the Claims Administrator;

6.    Appoint counsel for the Settlement Class as follows: Larry W. Lee and Nick Rosenthal of Diversity Law Group, P.C.; Edward W. Choi of Law Office of Choi & Associates; Dennis S. Hyun of Hun Legal, APC; James R. Hawkins of James Hawkins, APLC; Matthew S. Dente of Dente Law, P.C., and Brian J. Robbins and Diane E. Richard of Robbins Arroyo LLP;

7.    Appoint Class Representatives as follows: Gregory Dynabursky, Mikhail Babeshkov, and Jose Aguirre; and

8.    Schedule a   hearing on the final approval of the settlement ("fairness hearing") on the question of whether the proposed Settlement should be finally approved as fair, reasonable and adequate, including the payment of attorneys' fees and costs and the Class Representatives' Service Payments.

Plaintiff makes this motion on the grounds that the proposed settlement is fair and within the range of possible final approval.  This Motion is based upon this Notice of Motion and Motion for Preliminary Approval of Class Action Settlement, the attached Memorandum of Points and Authorities in Support, the accompanying Declarations of Larry W. Lee, Dennis S. Hyun, Edward Choi, Matthew S. Dente, James R. Hawkins, and Diane E. Richard, the accompanying Joint Stipulation of Class Action Settlement and Release, any oral argument of counsel, the complete files and records in the above-captioned matter, and such additional matters as the Court may consider.

DATED:  December 14, 2015          DIVERSITY LAW GROUP, P.C.

By:   /s/
LARRY W. LEE
Attorneys for Plaintiff
GREGORY DYNABURSKY, as
an individual and on behalf of all
others similarly situated

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION .........................................................................1

II.   FACTUAL AND PROCEDURAL BACKGROUND ...........................2

III.  SUMMARY OF SETTLEMENT TERMS ................................5

IV.   THE PROPOSED SETTLEMENT CLASS SATISFIES THE
      ELEMENTS FOR CERTIFICATION....................................7

V.    LEGAL ANALYSIS ..............................................................7

      A.   Two-Step Approval Process .......................................7

      B.   The Standard For Preliminary Approval ........................8

      C.   The Settlement Is Fair And Reasonable And Not The Result Of
           Fraud Or Collusion .............................................10

                1.   The Settlement May be Presumed Fair and
                     Reasonable .................................................10

                     a.  Experience Of Class Counsel............................11

                     b.  Investigation And Discovery Prior To Settlement
                         ...............................................................12

                2.   The Settlement Is Fair, Reasonable And Adequate  13

                     a.  Risk Of Continued Litigation................................13

                     b.  The Settlement Is Within The Range Of
                         Reasonableness ..........................................14

                     c.  The Complexity, Expense, And Likely Duration Of
                         Continued Litigation Against The Settling
                         Defendant Favors Approval ...............................15

                     d.  Non-Admission Of Liability By Defendant..........16

      D.   Attorneys' Fees, Costs, And the Class Representatives' Service
           Payments ...........................................................17

**VI.    CONCLUSION** ............................................................................................**17**

**PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

# <u>TABLE OF AUTHORITIES</u>

**State Cases**

*Aguirre v. AlliedBarton*, Riverside Superior Court Case No. RIC 1407638... passim

*Babeshkov v. AlliedBarton*, Los Angeles Superior Court Case No. BC388257

.......................................................................................................... passim

**Federal Cases**

*Boyd v. Bechtel Corp.*, 485 F. Supp. 610, 616-17 (N.D. Cal. 1979) .......................14

*Conn. Gen. Life Ins. Co. Litigation*, CV 95-3566 HLH (Ex), No. 96-CV-2472, 1997 U.S. Dist. LEXIS 23955, at *3-4, *8-9 (C.D. Cal. Feb. 11, 1997) ...............4

*Cook v. Niedert*, 142 F.3d 1004, 1015 (7th Cir. 1998) ...........................................17

*Girsh v. Jepson*, 521 F.2d 153, 157 (3d Cir. 1975) ......................................... 14, 15

*Hammon v. Barry*, 752 F. Supp. 1087, 1093-1094 (D.D.C. 1990).........................11

*In re Chicken Antitrust Litig.*, 560 F. Supp. 957, 962 (N.D. Ga. 1980) .................11

*In re General Motors Corp.*, 55 F.3d 768, 806 (3d Cir. 1995)...............................14

*Mars Steel Corp. v. Continental Illinois Nat'l Bank & Trust Co.*, 834 F.2d 677, 682 (7th Cir. 1987) .......................................................................................................11

*National Rural Telecomms. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 528 (C.D. Cal. 2004) ...................................................................................................... 11, 16

*Officers for Justice v. Civil Serv. Comm'n of City & County of San Francisco*, 688 F.2d 615, 625 (9th Cir. 1982)..........................................................................9, 15

*Philadelphia Hous. Auth. v. Am. Radiator & Standard. Sanitary Corp.*, 323 F. Supp. 364, 372 (E.D. Pa. 1970).............................................................................9

*Priddy v. Edelman*, 883 F.2d 438, 447 (6th Cir. 1989) ..........................................11

*Sommers v. Abraham Lincoln Federal Sav. & Loan Ass'n*, 79 F.R.D. 571, 576 (E.D. Pa. 1978) ....................................................................................................11

*Steinberg v. Carey*, 470 F. Supp. 471, 478 (S.D.N.Y. 1979) .................................11

PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

*Util. Reform Project v. Bonneville Power Admin.*, 869 F.2d 437, 443 (9th Cir. 1989)................................................................................................9

*Van Bronkhorst v. Safeco Corp.*, 529 F.2d 943, 950 (9th Cir. 1976).....................16

*Van Vranken v. Atlantic Richfield Co.*, 901 F. Supp. 294, 299-300 (N.D. Cal. 1995) ................................................................................................17

*Young v. Katz*, 447 F.2d 431, 433-34 (5th Cir. 1971).............................................15

**Other Authorities**

4 Conte & Newberg, Newberg on Class Actions, § 11.26 (4th ed. 2010)................8

4 Newberg on Class Actions, at §11.41 .................................................................16

4 Newberg on Class Actions, at §11.45 .................................................................15

4 Newberg on Class Actions, at §11.47 .................................................................11

5 James Wm. Moore et al., Moore's Federal Practice §23.165 (3d ed. 2010) ..........9

Manual for Complex Litigation ("MCL") (4th ed. 2004), § 21.632 ........................8

Manual for Complex Litigation § 21.62 at 316 .....................................................14

Manual for Complex Litigation § 21.633 ................................................................9

**Constitutional Provisions**

California Private Attorney General Act, Labor Code §2699 ...................................3

**State Statutes**

California Labor Code § 226.7 ................................................................................5

California Labor Code § 2698 ................................................................................5

**Federal Rules**

Federal Rule of Civil Procedure 23 .....................................................................4, 7

Federal Rule of Civil Procedure 23(f) ....................................................................10

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Gregory Dynabursky ("Plaintiff") and AlliedBarton Security Services, LP and Allied Barton Security Services, LLC ("Defendants") have reached a ***global*** class-wide settlement in this case, which includes the settlement of two other related California state court actions.  The global settlement was achieved after extensive arms-length settlement negotiations and mediation, including a mediator's proposal by noted wage and hour class action mediator Steven Serratore, Esq.  As Plaintiff and Defendants previously advised the Court in their Joint Report on Settlement (Doc. No. 112), these California state court cases are: *Babeshkov v. AlliedBarton*, Los Angeles Superior Court Case No. BC388257 (the "*Babeshkov* Action"), and *Aguirre v. AlliedBarton*, Riverside Superior Court Case No. RIC 1407638 (the "*Aguirre* Action").  As a result of the global settlement, the Parties have included in the Settlement Class[3], the classes/subclasses certified by this Court[4], as well as the employees who fall within the *Babeshkov* and *Aguirre* Actions.  Thus, for settlement purposes only, the Settlement Class consists of "all non-exempt hourly employees who were employed by Defendants in California at any time from April 1, 2004 through January 9, 2015."

Through this Motion, Plaintiff seeks preliminary approval of the Settlement Agreement that was reached between the Named Plaintiffs in these three class action/representative lawsuits with Defendants.  As for the terms of the settlement, they provide that Defendants shall pay a Gross Settlement Amount ("GSA") of $11 million plus all employer-side payroll taxes.  The GSA is an all-cash, non-

---

[3] All capitalized terms used herein, unless otherwise defined, have the same definition contained in the Joint Stipulation of Class Action Settlement and Release ("Settlement Agreement").

[4] This Court certified, for a class period of December 21, 2008 through January 29, 2014, a meal break class, a meal period wage statement subclass, a rest period class, and a rest period wage statement subclass.  *See* Order Granting Class Certification in Part (Doc. No. 71) ("Class Certification Order").

**PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

reversionary fund. For illustration purposes, after deduction of the maximum allotted amounts, subject to Court approval, for claims administration costs, a payment to the California Labor & Workforce Development Agency ("LWDA") for PAGA penalties, the Class Representatives' service payments, and attorneys' fees and costs, the Net Settlement Amount ("NSA") of approximately $6,946,833.33 will be automatically distributed between an estimated 43,893 Class Members based on the number of workweeks worked by each Class Member. Moreover, because this is a **<u>non-reversionary</u>**, **non-claims made** settlement, the entire settlement amount will be distributed, no monies will revert back to Defendant, and Class Members will automatically be mailed a check for their Individual Settlement Payment without having to complete a claims process.

Accordingly, through this Motion, Plaintiff respectfully requests preliminary approval of the class action settlement.

## II.     FACTUAL AND PROCEDURAL BACKGROUND

On December 21, 2012, Plaintiff filed his class action lawsuit for meal and rest period violations.  On March 26, 2013, Plaintiff filed his Motion for Class Certification.  On January 29, 2014, this Court issued its Order Granting Class Certification in Part (Doc. No. 71), in which it certified Plaintiff's meal and rest period claims, as well as attendant wage statement claims.  More specifically, the Court certified the following two classes and two subclasses:

Meal Period Class

All of Defendant's past and present California employees who worked more than 6 hours in any "on-duty meal break" work shift as a Security Officer from December 21, 2008 through the present.

Meal Period Wage Statement Subclass

All of Defendant's past and present California employees who worked more than 6 hours in any "on-duty meal break" work shift as a Security Officer from December 21, 2008 through the present who received itemized wage statements.

Rest Period Class

All of Defendant's past and present California employees who

PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

worked 3.5 hours or more in any work shift as a Security Officer from December 21, 2008 through the present.

<u>Rest Period Wage Statement Subclass</u>

All of Defendant's past and present California employees who worked 3.5 hours or more in any work shift as a Security Officer from December 21, 2008 through the present who received itemized wage statements

As advised in the Notice of Settlement (Doc. No. 102), in addition to the current case, there are currently two other active cases (one class action and one representative PAGA action) pending against Defendant - *Babeshkov v. AlliedBarton*, Los Angeles Superior Court Case No. BC388257 (the "*Babeshkov* Action"), and *Aguirre v. AlliedBarton*, Riverside Superior Court Case No. RIC 1407638 (the "*Aguirre* Action").  As stated above, the *Babeshkov* Action's meal and rest break and derivative claims are predicated on the same claims as in the current *Dynabursky* Action, although with a class period start date of April 1, 2004.  As for the *Aguirre* Action, it is solely a claim for civil penalties pursuant to the California Private Attorney General Act, Labor Code §2699 ("PAGA") that is largely predicated on the same claims as set forth in the *Dynabursky* and *Babeshkov* Actions.

On January 9, 2015, counsel for Plaintiff and Defendant in the *Dynabursky* Action, as well as counsel for the plaintiffs in the *Babeshkov* and the *Aguirre* Actions, attended an entire day of mediation before Steven Serratore, Esq., and were able to reach a global settlement of the class and representative claims asserted in all three class and/or representative actions.  (Declaration of Larry W. Lee ("Lee Decl.") at ¶ 8).

The Parties initially believed that submitting the three cases to arbitration for resolution for purposes of approving the global settlement would provide the most efficient method to resolve all three cases and, that if the settlement was not approved for any reason, that all three cases would be restored to active status in

**PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

their respective courts.  On July 29, 2015, this Court denied the Parties' Request to Submit Class Action Settlement to Arbitration.  In its Order, this Court recognized the Parties' desire to resolve these three separate cases and stated that it did not have an issue with global resolution.  Rather, this Court stated that any class action settlement must be approved through this Court:

> The Court is cognizant of the parties' concerns about the potential difficulty of resolving three separate class actions absent a single, coordinated settlement. **Certainly, the parties are free to work with a third-party mediator to reach an appropriate global settlement.**  The Court holds only that any such settlement must receive the Court's approval pursuant to the Federal Rules of Civil Procedure.

(Doc. No. 111 at 6, emphasis added).

In accordance with the Court's ruling, the Parties have already reached a global resolution of the three cases.  In further compliance with the Court's Order, the Parties hereby seek preliminary approval of the class action settlement before this Court (and ultimately final approval) by expanding the class period and claims of the certified classes to include the *Babeshkov* Action's class start date and the *Babeshkov* and *Aguirre* Actions' claims.  Courts in the Central District have approved of similar class action settlements involving cases from other jurisdictions, including cases from other states.  *See Conn. Gen. Life Ins. Co. Litigation*, CV 95-3566 HLH (Ex), No. 96-CV-2472, 1997 U.S. Dist. LEXIS 23955, at *3-4, *8-9 (C.D. Cal. Feb. 11, 1997) (Central District Court granting final approval of class action settlement pursuant to FRCP 23, involving cases from Central District and Eastern District of Pennsylvania).

Accordingly, the Parties wish to jointly resolve the *Dynabursky*, *Babeshkov*, and *Aguirre* Actions through one joint class settlement agreement before this Court through the preliminary and final approval process.  Thus, the Parties wish to coordinate for settlement purposes only the *Babeshkov, Dynabursky* and *Aguirre*

Actions, such that the claims and class definitions in those actions, including the
representative claim under the Private Attorney General's Act (the "PAGA"),
California Labor Code Section 2698, *et seq.*, shall be resolved through one
settlement proceeding through this Court).  Although the Parties wish to coordinate
these three cases for class settlement purposes only, in the event that the class
action settlement is not approved for any reason, the parties and counsel in all three
cases do not want to proceed as a coordinated case for any other purposes.

In other words, if this class action settlement is not approved by this Court
for any reason, the parties and counsel in all three cases wish to be restored to their
prior positions in each of their respective three cases as if a class settlement had
never been reached, such that each case will be litigated separately.

## III.   SUMMARY OF SETTLEMENT TERMS

As fully discussed in Plaintiff's prior Motion for Class Certification, and
which Plaintiff incorporates by reference herein, this lawsuit arises primarily out
of Defendants' alleged failure to provide off-duty meal and rest periods.  The
central issues in Plaintiff's Motion were whether: (1) Defendant's on-duty meal
agreements are unlawful; and (2) Defendant's policy prohibiting sleep during rest
breaks violated Labor Code § 226.7.

On January 9, 2015, the Parties attended mediation before Steve Serratore,
Esq., a well-respected employment mediator.  Given that the *Babeshkov* and
*Aguirre* Actions were still pending, plaintiffs' counsel in those cases also attended
the mediation.  After a long, hard-fought day of arms'-length negotiations, the
Parties were finally able to reach the current settlement.  For purposes of this
settlement, the Settlement Agreement expands the certified classes/subclasses to
include the class period and claims in the *Babeshkov* Action, which begins on
April 1, 2004, and the PAGA claims asserted in the *Aguirre* Action.  The Class
Members can be and were actually ascertained from Defendant's payroll records.

PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

Based upon Defendant's records, the Parties estimate that the number of unique Class Members is approximately 43,893 individuals.

The current settlement provides for an all-cash, lump sum GSA of $11 million plus the payment of employer-side payroll taxes on the wage component of the Individual Settlement Payments to Class Members.   Significantly, this settlement is non-reversionary, such that none of the monies will revert back to Defendant.  (Settlement Agreement at § 11).

Pursuant to the terms of the Settlement Agreement, the Net Settlement Amount ("NSA") (the amount available to Class Members after the deduction of amounts for Class Representative service payments, attorneys' fees and costs, payment to the California LWDA for PAGA penalties, and claims administration costs)  will be allocated as follows:

> (a)   The number of weeks worked by all Class Members will be totaled ("Total Weeks").
> (b)   The Net Settlement Amount will be divided by the Total Weeks, and the resulting number will be the "Weeks Worked Value."
> (c)   Each Class Member's number of Workweeks will be multiplied by the Weeks Worked Value, and the resulting number will equal each Class Member's "Individual Settlement Payment."

(Settlement Agreement at § 14).  No claim forms will be necessary for any Class Member to participate in the settlement.  Thus, Settlement Class Members (those Class Members who have not timely and properly opted-out of the Settlement and Settlement Class) will not have to take any action to receive their share of the settlement proceeds.  In exchange for Individual Settlement Payments, Settlement

Class Members will release all narrowly drawn Released Claims should the Settlement become final. (Settlement Agreement at § 45)[5]

## IV. THE PROPOSED SETTLEMENT CLASS SATISFIES THE ELEMENTS FOR CERTIFICATION

As discussed above, this Court has already previously granted class certification for Plaintiff's meal and rest period claims. As also discussed above, for purposes of this settlement, the Settlement Agreement includes employees who belong to the *Babeshkov* and *Aguirre* Actions and the claims in those Actions, such that the certified class period will be expanded back to April 1, 2004. In other words, the settlement will further extend the class period of the previously certified classes/subclasses, as well as include those class members who would fall into these classes/subclasses from the date of the Court's Certification Order of January 29, 2014 to the date of the class settlement cutoff period of January 9, 2015.

For the very same reasons this Court previously granted class certification of Plaintiff's Class, Plaintiff asserts that this additional group can be certified pursuant to Rule 23 of the Federal Rules of Civil Procedure, including numerosity, typicality, commonality and superiority.

## V. LEGAL ANALYSIS

### A. Two-Step Approval Process

Any settlement of class litigation must be reviewed and approved by the Court. This is done in two steps: (1) an early (preliminary) review by the court, and (2) a final review and approval by the court after notice has been distributed

---

[5] It is also worthy to note that as a result of this lawsuit, Defendants have eliminated the alleged "no sleep" policy as it pertains the employees' rest breaks, which was the basis for this Court's granting of class certification as to Plaintiff's rest break claim.

to the class members for their comment or objections. The Manual for Complex Litigation, Fourth states:

> Review of a proposed class action settlement generally involves two hearings.  First, counsel submit the proposed terms of settlement and the judge makes a preliminary fairness evaluation.  In some cases, this initial evaluation can be made on the basis of information already known, supplemented as necessary by briefs, motions, or informal presentations by parties....  The judge must make a preliminary determination on the fairness, reasonableness, and adequacy of the settlement terms and must direct the preparation of notice of the certification, proposed settlement, and date of the final fairness hearing.

Manual for Complex Litigation ("MCL") (4th ed. 2004), § 21.632.[6]

Thus, the preliminary approval by the trial court is simply a conditional finding that the settlement appears to be within the range of acceptable settlements.  As Professor Newberg comments, "[t]he strength of the findings made by a judge at a preliminary hearing or conference concerning a tentative settlement proposal may vary.  The court may find that the settlement proposal contains some merit, is within the range of reasonableness required for a settlement offer, or is presumptively valid subject only to any objections that may be raised at a final hearing."  4 Conte & Newberg, Newberg on Class Actions, § 11.26 (4th ed. 2010).  Accordingly, a court should grant preliminary approval of a class action settlement where it is within the "range of reasonableness." Here, the Parties have reached such an agreement and have submitted it to the Court in connection with this filing.

**B.      The Standard For Preliminary Approval**

---

[6] Again, here, the Court has already granted class certification, so provisional class certification is not necessary for approval of this settlement.

As a matter of public policy, settlement is a strongly-favored method for resolving disputes. *Util. Reform Project v. Bonneville Power Admin.*, 869 F.2d 437, 443 (9th Cir. 1989). This is especially true in complex class actions such as this case. *Officers for Justice v. Civil Serv. Comm'n of City & County of San Francisco*, 688 F.2d 615, 625 (9th Cir. 1982).

Preliminary approval does not require the Court to make a final determination that the settlement is fair, reasonable and adequate. Rather, that decision is made only at the final approval stage, after class members have had an opportunity to voice their views of the settlement or to exclude themselves from the settlement. 5 James Wm. Moore et al., Moore's Federal Practice §23.165 (3d ed. 2010). In considering the settlement, the Court need not reach any ultimate conclusions on the issues of fact and law which underlie the merits of the dispute and need not engage in a trial on the merits. *Officers for Justice*, 688 F.2d at 625. Preliminary approval is merely the prerequisite to giving notice so that "the proposed settlement ... may be submitted to members of the prospective class for their acceptance or rejection." *Philadelphia Hous. Auth. v. Am. Radiator & Standard. Sanitary Corp.*, 323 F. Supp. 364, 372 (E.D. Pa. 1970).

"The judge should raise questions at the preliminary hearing and perhaps seek an independent review if there are reservations about the settlement, such as unduly preferential treatment of class representatives or segments of the class, inadequate compensation or harms to the classes, the need for subclasses, or excessive compensation for attorneys." MCL § 21.633.

Here, the proposed settlement does not pose such issues. This was a highly-contentious litigation with the Parties each being represented by highly-competent counsel. Plaintiff had to fight off Defendants' Motion to Stay. Thereafter, Plaintiff obtained class certification and defeated not only Defendant Allied Barton Security Service LP's Motion for Reconsideration, but also its

Petition for Permission to Appeal this Court's Order Granting Class Certification Pursuant to FRCP 23(f).  Defendants then filed a Motion for Summary Judgment, seeking to adjudicate and dispose of the claims asserted by Plaintiff and the certified classes and subclasses on the merits, and a Motion to Decertify the Class. Likewise, in the *Aguirre* action, Plaintiff Aguirre had to fight Defendant's Motion to Stay, and in the *Babeshkov* Action, Babeshkov had to fight a Motion to Stay as well. Thus, Plaintiff and the certified class faced substantial risks had this matter not resolved through settlement.

Moreover, as discussed above and the declarations submitted herewith, the Parties engaged in substantial investigation and discovery related to the claims and defenses alleged in this case, as well as substantial motion practice, including briefing Defendants' Motion to Stay, Plaintiff's Motion for Class Certification, Defendant's Motion for Reconsideration, Defendants' Motion for Summary Judgment, and Defendant's appeal.  Further, the proposed settlement was reached after the Parties utilized the assistance of an experienced mediator and after substantial arms-length negotiations between the Parties.

As detailed herein, the proposed Settlement satisfies the standard for preliminary approval as it is well within the range of possible approval and there are no grounds to doubt its fairness.  Counsel for the Named Plaintiff and Defendants have extensive experience in employment law, particularly wage and hour litigation, and reached a settlement only after mediation and extensive arm's-length negotiations. (Lee Decl. ¶ 15; Hyun Decl. ¶¶ 4-12; Choi Decl. ¶¶ 3-8; Hawkins Decl. ¶¶ 3-9; Dente Decl. ¶¶ 3-11; Richard Decl. ¶¶ 3-12).

### C.   The Settlement Is Fair And Reasonable And Not The Result Of Fraud Or Collusion

#### 1.   The Settlement May be Presumed Fair and Reasonable

Courts presume the absence of fraud or collusion in the negotiation of settlement unless evidence to the contrary is offered.  *Priddy v. Edelman*, 883 F.2d 438, 447 (6th Cir. 1989); *Mars Steel Corp. v. Continental Illinois Nat'l Bank & Trust Co.*, 834 F.2d 677, 682 (7th Cir. 1987); *In re Chicken Antitrust Litig.*, 560 F. Supp. 957, 962 (N.D. Ga. 1980).  Courts do not substitute their judgment for that of the proponents, particularly where, as here, settlement has been reached with the participation of experienced counsel familiar with the litigation. *National Rural Telecomms. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 528 (C.D. Cal. 2004); *Hammon v. Barry*, 752 F. Supp. 1087, 1093-1094 (D.D.C. 1990); *Steinberg v. Carey*, 470 F. Supp. 471, 478 (S.D.N.Y. 1979); *Sommers v. Abraham Lincoln Federal Sav. & Loan Ass'n*, 79 F.R.D. 571, 576 (E.D. Pa. 1978).

While the recommendations of counsel proposing the settlement are not conclusive, the Court can properly take them into account, particularly where, as here, they have been involved in extensive litigation, informal and formal discovery, appear to be competent, and have experience with this type of litigation. Newberg on Class Actions at §11.47; *Nat'l Rural Telecomms. Coop.*, 221 F.R.D. at 528 ("So long as the integrity of the arm's length negotiation process is preserved, however, a strong initial presumption of fairness attaches to the proposed settlement . . . and 'great weight' is accorded to the recommendations of counsel, who are most closely acquainted with the facts of the underlying litigation.") (Citations omitted).

### a.    Experience Of Class Counsel

Here, both counsel for Plaintiffs and Defendant have a great deal of experience in wage and hour class action litigation.  Plaintiffs' attorneys have been approved as class counsel in a number of other wage/hour class actions and have litigated class action cases for years.  (Lee Decl. ¶¶ 17-18; Hyun Decl. ¶¶ 10-12; Choi Decl. ¶¶ 7-8; Hawkins Decl. ¶¶ 3(a)-(w); Dente Decl. ¶¶ 3=5;

Richard Decl. ¶¶ 3-6).  Moreover, Plaintiff's Counsel conducted an extensive investigation of the factual allegations involved in this case.  (Lee Decl. ¶¶ 2-7; Hyun Decl. ¶¶ 2-8; Choi Decl. ¶¶ 3-6; Hawkins Decl. ¶¶ 5-9; Dente Decl. ¶¶ 7-11; Richard Decl. ¶¶ 7-12).  Plaintiff's Counsel also actively litigated this case, including obtaining class certification and successfully defeating Defendant's Motion for a Stay.  (Lee Decl. ¶¶ 5-7; Hyun Decl. ¶¶ 2-3; Choi Decl. ¶¶ 3-4).  Thus, based upon such experience and knowledge of the current case, Plaintiff's Counsel believe that the current Settlement is fair, reasonable and adequate.  (Lee Decl. ¶ 2; Hyun Decl. ¶¶ 2-8; Choi Decl. ¶¶ 3-6).

### b.  Investigation And Discovery Prior To Settlement

Each side has apprised the other of their respective factual contentions, legal theories and defenses, resulting in extensive arms-length negotiations taking place among the Parties.  Indeed, Defendants have provided to Plaintiffs detailed data on the damages for the Settlement Class.  Moreover, extensive discovery was conducted in the cases.  Plaintiffs' counsel received over 32,000 pages of relevant documents and data, including policy and procedure documents, a significant sampling of time and pay records, scheduling documents, work orders, and sample client contracts.  (Hawkins Decl. ¶ 5; Dente Decl. ¶ 7; Richard Decl. ¶ 8).  Plaintiffs' counsel reviewed the documents and performed analysis of the data sampled to assess the strength and value of the claims at issue.  (Hawkins Decl. ¶¶ 5-9; Dente Decl. ¶¶ 7-11; Richard Decl. ¶¶ 7-12).   In addition to the written discovery and substantial document and data production, Plaintiff also took the depositions of Defendants' FRCP 30(b)(6) witnesses.  (Lee Decl. ¶¶ 2-7; Hyun Decl. ¶¶ 2-3; Choi Decl. ¶¶ 3-4).  Similarly, Defendants took Plaintiff's deposition.  (Lee Decl. ¶ 5; Hyun Decl. ¶ 3; Choi Decl. ¶ 3).  Named Plaintiffs' counsel also interviewed numerous class members regarding their claims.  (Lee

**PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

Decl. ¶ 6; Hyun Decl. ¶ 3; Choi Decl. ¶ 3; Hawkins Decl. ¶ 5; Dente Decl. ¶ 7; Richard Decl. ¶ 8).

Plaintiff has received the class data necessary to analyze and determine liability and potential exposure on the amount of penalties and damages owed to the class.  In other words, Plaintiff has conducted detailed discovery on both liability and damages.  Based on this independent investigation, the potential realistic value of the Class Members' settled claims was approximately $40,000,000.  (Lee Decl. ¶ 2).

Defendants contends that it has complied with the law and provided meal periods where applicable, that its on-duty meal agreements were and are lawful, and that it has always authorized and permitted off-duty rest breaks.  Defendants further contend that it paid for all hours worked.  As such, Defendants contend that it would have prevailed on summary judgment.  Nevertheless, the Parties reached an agreement to settle this very contentious litigation and resolve these disputed claims.

As such, Class Counsel are of the opinion that the Settlement is fair, reasonable, and adequate and is in the best interest of the Class Members in light of all known facts and circumstances and the risks inherent in litigation. (Lee Decl. ¶ 2; Hyun Decl. ¶¶ 2-8; Choi Decl. ¶¶ 3-6; Hawkins Decl. ¶¶ 5-9; Dente Decl. ¶¶ 7-11; Richard Decl. ¶¶ 7-12).

## 2.    The Settlement Is Fair, Reasonable and Adequate

The settlement for each participating Class Member is fair, reasonable and adequate, given the inherent risk of litigation, the risk of appeals, the risks in an area where it is argued that the law is unsettled, and the costs of pursuing such litigation.

### a.    Risk Of Continued Litigation

PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

To assess the fairness, adequacy and reasonableness of a class action settlement, the Court must weigh the immediacy and certainty of substantial settlement proceeds against the risks inherent in continued litigation. *In re General Motors Corp.*, 55 F.3d 768, 806 (3d Cir. 1995) ("present value of the damages plaintiffs would likely recover if successful, appropriately discounted for the risk of not prevailing, should be compared with the amount of the proposed settlement."); *Girsh v. Jepson*, 521 F.2d 153, 157 (3d Cir. 1975); *Boyd v. Bechtel Corp.*, 485 F. Supp. 610, 616-17 (N.D. Cal. 1979); MCL § 21.62 at 316.

Here, the Settlement affords fair relief to the Settlement Class, given that it avoids significant legal and factual battles that otherwise may have prevented the Settlement Class from obtaining any recovery at all. While Named Plaintiffs' attorneys believe that the Settlement Class's claims are meritorious, they are experienced and realistic, and understand that the outcome of a trial, and the outcome of any appeals that would inevitably follow if Named Plaintiffs prevailed, are inherently uncertain in terms of both outcome and duration. Moreover, if Defendants prevailed on its Motion for Summary Judgment disposing of the certified class claims, then the certified class would be left with zero dollars, as well as additional delays in appeals. Given these uncertainties in litigation and the risk of summary judgment to both Parties, the Parties agreed to resolve this case through a class action settlement, which eliminates the risks of continued litigation while providing a substantial benefit to the Settlement Class.

### b.      The Settlement Is Within The Range Of Reasonableness

The standard of review for class settlements is whether the Settlement is within a range of reasonableness. As Professor Newberg comments:

> Recognizing that there may always be a difference of opinion as to the appropriate value of settlement, the courts have refused to substitute their judgment for that of the proponents. Instead the courts have reviewed settlements with the intent of determining whether they are within a range of reasonableness.…

4 Newberg on Class Actions, at §11.45.

Here, the settlement fund is non-reversionary, such that no monies will revert back to Defendant.  Moreover, in the event that class members elect to exclude themselves from the settlement, these funds will be redistributed to the class, such that class members' payments will increase.  Further, the settlement fund will be paid out entirely in cash (as opposed to for example, a voucher or coupon).  In addition, as set forth in the Settlement Agreement, the release is significantly limited as it is limited to the claims pled in the *Dynabursky*, *Babeshkov,* and *Aguirre* Actions, and nothing more.  For these reasons, and for the reasons set forth above relating to the total liability and the risks of prevailing on the theories of liability alleged, the Named Plaintiffs and their counsel believe that the current Settlement is fair, reasonable, and adequate.

### c.   The Complexity, Expense, And Likely Duration Of Continued Litigation Against The Settling Defendant Favors Approval

Another factor considered by courts in approving a settlement is the complexity, expense, and likely duration of the litigation.  *Officers of Justice*, 688 F.2d at 625; *Girsh*, 521 F.2d at 157.  In applying this factor, the Court must weigh the benefits of the settlement against the expense and delay involved in achieving an equivalent or more favorable result at trial.  *Young v. Katz*, 447 F.2d 431, 433-34 (5th Cir. 1971).

The Settlement provides to all Class Members fair relief in a prompt and efficient manner.  Were the parties to engage in continued litigation of this matter,

the Parties would then litigate the merits of the claims, in three (3) separate courts, either by summary judgment or trial, which would have likely led to drawn out appeals by both Parties.  Given the realities of litigation, this process places ultimate relief several years away.  The idea of balancing a fair recovery now, with settlement dollars being paid out now, as opposed to a years-long litigation and appeals process regarding various potential issues, is a significant factor in favor of approval of the class settlement.  *DIRECTV*, 221 F.R.D. at 526-27 ("Avoiding such a trial and the subsequent appeals in this complex case strongly militates in favor of settlement rather than further protracted and uncertain litigation.").

Indeed, Defendants filed a Motion for Summary Judgment, which sought dismissal of the claims of Plaintiff and the Class on the merits.  Plaintiff and the certified classes/subclasses faced substantial risk.  Further, if this class case was disposed of through Defendants' Motion for Summary Judgment, many of the Class Members could be left without a remedy for class claims as a practical matter and courts across the state would have to address the issues presented here in a piecemeal, costly, and time-consuming manner.  The Settlement in this case is therefore consistent with the "overriding public interest in settling and quieting litigation" that is "particularly true in class action suits."  *See Van Bronkhorst v. Safeco Corp.*, 529 F.2d 943, 950 (9th Cir. 1976); 4 Newberg on Class Actions, at § 11.41.

### d.    Non-Admission Of Liability By Defendant

Finally, Defendant denies any liability or wrongdoing of any kind associated with the claims alleged in this lawsuit.  Defendant maintains that it has complied at all times with all California wage and hour laws.  Because of such denial, if this case is not resolved, it will likely continue to be a long and protracted litigation.

**D.      Attorneys' Fees, Costs, And the Class Representatives' Service
Payments**

Pursuant to the terms of the Settlement Agreement, Plaintiff, as well as
each plaintiff from the *Babeshkov* and *Aguirre* Actions, will also be entitled to
request a service payment in an amount  up to a maximum of $10,000 each,
which is to compensate each individual for the actions each of them took to
protect the interests of the members of the Settlement Class, the degree to which
the Settlement Class has benefited from those actions and the amount of risk, time
and effort they expended in pursuing the litigation.  *Cook v. Niedert*, 142 F.3d
1004, 1015 (7th Cir. 1998); *Van Vranken v. Atlantic Richfield Co.*, 901 F. Supp.
294, 299-300 (N.D. Cal. 1995).

Similarly, Plaintiffs' Counsel will seek an award of attorneys' fees of not
more than one third of the GSA and reimbursement of actual costs of up to
$100,000.00.  The requested service payment amounts will be requested
simultaneously with Plaintiff's motion seeking final approval of this class action
settlement.   The requested fee and cost awards will be sought through an
application to be filed not later than ten (10) days before the Exclusion Deadline.

## VI.   CONCLUSION

Based on the foregoing, Plaintiff respectfully requests that the Court grant
preliminary approval for the proposed class action settlement and schedule a final
fairness hearing.

DATED:  December 14, 2015                   DIVERSITY LAW GROUP, P.C.

By:   /s/
LARRY W. LEE
Attorneys for Plaintiff
GREGORY DYNABURSKY, as
an individual and on behalf of all
others similarly situated